FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 20 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

**BETTIANNE HUGHES**                                    **PLAINTIFF**

v.                              Case No. 4:18-cv-867-BRW

**JPL RECOVERY SOLUTIONS, LLC**                         **DEFENDANT**

## PLAINTIFF's COMPLAINT

Comes now the Plaintiff Bettianne Hughes through her attorneys CROWDER McGAHA, LLP, and for her Complaint against JPL Recovery Solutions, LLC ("JPL"), states:

1. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* ("AFDCPA") greatly restrict how debt collectors can contract third-parties. These restrictions protect a consumer's right to privacy and their relationships with the third parties.

2. When Congress enacted the FDCPA it recognized that contacting third parties like a consumer's friends, neighbors, relatives or employers was not a legitimate collection practice. To the extent a debt collector can contact a third party,

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

it is to obtain the consumer's place of abode, telephone number or place of employment.

3. JPL violated the FDCPA, the AFDCPA, and Arkansas's common law of privacy when it contacted Plaintiff's father and boyfriend, intruded into Plaintiff's personal affairs, and disclosed the alleged debt to third parties.

## PARTIES, JURISDICTION & VENUE

4. Bettianne Hughes is an individual and adult who resides in Conway, Arkansas, a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

5. JPL Recovery Solutions, LLC ("JPL") is a New York limited liability company, based out of Getzville, New York. JPL is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). JPL can be served with process through its registered agent: Richard C. Slisz, Esq., 1700 Rand Building, 14 Lafayette Square, Buffalo, NY 14203-1929. JPL is not licensed with the Arkansas State Board of Collection Agencies.

6. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367.

7. Venue is proper in this District and Division because the acts and transactions occurred here, Plaintiff resides in Faulkner County, and Defendant

transact business here.

8. The employees of JPL, their subsidiaries, affiliates and other related entities, were the agents, servants and employees of JPL, and each was acting within the purpose and scope of the agency and employment. Whenever reference is made to any act or transaction of JPL, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of JPL committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of JPL while engaged in the scope of their duties.

## FACTS

9. Plaintiff alleged incurred a financial obligation (the "debt") to LoanMe, Inc. (the "creditor").

10. The debt arose from services provided by the Creditor primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

11. The debt was purchased, assigned, or transferred to JPL for collection or JPL was employed by the creditor to collect the debt.

12. JPL attempted to collect the debt and engaged in "communications" within the meaning of 15 U.S.C. § 1692a(2) and Ark. Code Ann. § 17-24-502(1).

13. On or about November 14, 2018, JPL called Plaintiff's father from telephone number (619) 550-2265. JPL disclosed the debt to Plaintiff's father, asked invasive questions about Plaintiff's property and personal status, and stated that Plaintiff had "ghosted" the loan with no intentions of repaying it. JPL did not identify themselves, despite Plaintiff's father's request.

14. On or about November 14, 2018, JPL called Plaintiff's boyfriend Joshua Sullivan from telephone number (619) 550-2265. JPL stated they were trying to get a location to get a statement before a judgment against Plaintiff and that things were not looking good for her.

15. On or about November 14, 2018, JPL (from telephone number (619) 550-2265) left a voicemail message on Plaintiff's cellular telephone stating:

> Ah yes, my name is Miranda Wagner, I'm actually reaching out concerning your association with Ms. Bettianne Hughes, I have this number listed for a Joshua Sullivan, um, I was hoping to speak with you, I need to ask you some questions, and you were used as a reference. I am with 855-649-0731, extension 301, we are needing income and asset verification pertaining to a property that is listed for sale.

16. JPL has a history of unlawfully contacting third parties to collect purported debts:

    a. *Hayes v. JPL Recovery Solutions, LLC,* Case 3:18-cv-2428-B (N.D. Tex. Sept. 12, 2018)(JPL alleged to have contacted Plaintiff's cousin and mother).

b. *Bourhis v. JPL Recovery Solutions, LLC*, Case 3:18-cv-04474 (N.D. Cal. July 24, 2018)(JPL alleged to contact Plaintiff's husband, father, mother, brother and sister-in-law).

c. *Day v. JPL Recovery Solutions, LLC*, Case No. 3:18-cv-01369-CAB-RBB (S.D. Cal. June 20, 2018)(JPL alleged to contacted Plaintiff's grandmother and additional person on loan application).

d. *McKinney v. JPL Recovery Solutions, LLC*, Case No. 5:18-cv-01120 (W.D. La. Aug. 29, 2018)(JPL alleged to contact Plaintiff's father, brother and daughter).

e. *Zapata v. JPL Recovery Solutions, LLC*, Case No. 2:18-cv-01754-TLN-CKD (E.D. Cal. June 18, 2018)(JPL alleged to contact Plaintiff's children's physician's office and sister).

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA

17. Plaintiff incorporates by reference all paragraphs as if fully set forth.

18. The foregoing acts and omissions of JPL constitute numerous violations of the FDCPA including:

a. **15 U.S.C. § 1692c(b)**: Communication with third parties.

b. **15 U.S.C. § 1692d:** Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

c. **15 U.S.C. § 1692(e)(5):** Threatening to take any action that cannot legally be taken.

    d.    **15 U.S.C. § 1692f**: Unfair and unconscionable means to collect debt.

19. Because of JPL's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

20. JPL's demands have caused Plaintiff to incur actual damages including, anxiety, frustration and worry.

## COUNT II
## VIOLATIONS OF THE AFDCPA

21. Plaintiff incorporates by reference all paragraphs as if fully set forth.

22. The AFDCPA prohibits Debt Collectors from disclosing that a Consumer owes a debt when they contact third parties. Ark. Code Ann. § 17-24-504(b)(2). The AFDCPA requires Debt Collectors to identify their employer when requested. Ark. Code Ann. § 17-24-504(b)(1).

23. The foregoing acts and omissions of Defendant constitute the following additional violations of the AFDCPA:

    a.    **Ark. Code Ann. § 17-24-505(a)**: Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

    b.    **Ark. Code Ann. § 17-24-506(b)(5)**: Threatening to take any action that cannot legally be taken.

    c.    **Ark. Code Ann. § 17-24-507(a)**: Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

24.    JPL violated the AFDCPA when it contacted Plaintiff's father and boyfriend and disclosed the debt. JPL violated the AFDCPA when it refused to identify their employer when Plaintiff's father requested it.

25.    JPL's demands have caused Plaintiff to incur actual damages including, anxiety, frustration and worry.

## COUNT III
## INTRUSION ON SECLUSION

26.    Plaintiff incorporates by reference all paragraphs as if fully set forth.

27.    JPL's employees intentionally and negligently intruded upon Plaintiff's seclusion and believed or was substantially certain that they lacked the necessary legal authority, permission, invitation, or valid consent to commit their intrusive acts. JPL's intrusion was of a kind that would be highly offensive to a reasonable person, as a result of conduct to which a reasonable person would strongly object.

28.    Plaintiff conducted herself in a manner consistent with an actual expectation of privacy.

29.    JPL's acts were willful and wanton.

30. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages.

## REQUEST FOR JURY TRIAL

31. Plaintiff demands a trial by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for:

A. Actual and compensatory damages;

B. Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A);

C. Statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A);

D. Punitive damages;

E. Reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) and Ark. Code Ann. § 17-24-512(3)(A); and

F. Such other further relief as the Court may deem just and proper.

Date: November 20, 2018					Respectfully submitted,

							_____
							Will Crowder ABN 2003138
							Corey D. McGaha ABN 2003047
							**CROWDER MCGAHA, LLP**
							5507 Ranch Drive, Suite 202
							Little Rock, AR 72223-0043
							Phone: (501) 205-4026
							Fax:   (501) 367-8208
							wcrowder@crowdermcgaha.com
							cmcgaha@crowdermcgaha.com

							*Attorneys for Plaintiff*